## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
CITICORP VENDOR          :    Civ. Action No. 06-3720(NLH)
FINANCE, INC.,           :
                         :
        Plaintiff,       :
                         :
    v.                   :    OPINION
                         :
PIXEL IMAGING INTERNATIONAL, :
INC., BEHNAZ VAHDAT,     :
a.k.a. VAHDAT BEHNAZ, and :
DAWOOD PARVIZI,          :
        Defendants.      :
```

**APPEARANCES:**

William G. Wright, Esquire
Farr, Burke, Gambacorta & Wright, PC
Atrium One
Suite 401
1000 Atrium Way
Mt. Laurel, NJ 08054

    *Attorney for Plaintiff*

Andrew Michael Carroll, Esquire
Law Office of Andrew M. Carroll
1228 Berlin Road
Voorhees, NJ 08043

    *Attorney for Defendants*

**HILLMAN**, District Judge

    This matter has come before the Court on Plaintiff's motion for summary judgment in its favor on its claims against Defendants for Defendants' breach of two lease agreements for large format printers.  Plaintiff is also moving for attorneys fees and costs.  Defendants have not opposed Plaintiff's motion. For the reasons expressed below, Plaintiff's motion will be denied without prejudice.

## BACKGROUND

Defendant Pixel Imaging International, Inc. ("Pixel"), which is in the business of large format printing and specializes in car graphics, vehicle wraps, building wraps, vinyl banners, and trade show booths, entered into two lease agreements with Ilford Imaging USA, Inc. ("Ilford") for two large format printers.  The parties entered into the first lease agreement, Master Agreement number 2333390, on July 31, 2000 for a Model 2360 large format three-meter printer.  The lease was for a term of sixty months and called for monthly payments of $4,960.28.  Defendants Behnaz Vahdat, also known as Vahdat Behnaz, and Dawood Parvizi executed a personal guaranty to "unconditionally guarantee[] to [Ilford] prompt payment when due of" their obligations to Ilford under the lease agreement.  Ilford then assigned the lease to Plaintiff Citicorp Vendor Finance, Inc. ("Citicorp").

Defendants and Ilford entered into a second lease agreement, Master Schedule number 2333392, on September 24, 2001 for a Model 5300 large format five-meter printer.  The lease was for a term of sixty months and called for monthly payments of $8,928.40.[1]

---

[1]Plaintiff's Complaint and the Master Schedule number 2333392 show that the monthly rental payment for the 5300 printer was $8,928.40.  (Compl. ¶ 24, 28 and Ex. C.)   In their Answer, Defendants have admitted this allegation.  (Answer ¶ 24, 28.) Plaintiff's certification and supporting briefs and calculations, however, list $9,331.91 as the monthly payments, with $10,055.21 due including sales and use tax.  (See John M. Kruse Cert, ¶ 16; Br. at 6.)   It is unclear how Plaintiff arrived at the higher figure.  As a result, the Court will recognize the monthly

Defendants Behnaz Vahdat and Dawood Parvizi again executed a personal guaranty, and Ilford assigned the lease to Plaintiff Citicorp.

It is unclear from the Complaint and supporting briefs, but according to Plaintiff, at some point Defendants breached the lease agreements by failing to pay the monthly rental payments. Pursuant to the lease agreements, Plaintiff elected to declare Defendants in default, and demanded immediate payment within ten days of the unpaid rental payments, the present value of any remaining rental payments, the value of the equipment at the end of the lease term, interest, collection fees, attorney's fees, and court costs, minus any security deposits paid. Defendants apparently failed to respond to Plaintiff's demand letters and apparently did not make any further payments. Plaintiff then instituted the present action against Pixel, Behnaz Vahdat and Dawood Parvizi, jointly and severally, for the breach of the two lease agreements. Defendants answered the Complaint, but have failed to oppose Plaintiff's motion for summary judgment.

## DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

_____

payment for the second lease as being $8,928.40.

3

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

In circumstances where a nonmoving party fails to oppose the motion, Fed. R. Civ. P. 56(e) provides that the court may only grant the moving party's motion for summary judgment "if appropriate." A moving party's motion is appropriately granted when that party is entitled to judgment as a matter of law, and the court "will accept as true all material facts set forth by the moving party with appropriate record support." See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir.

4

1990).

**B.   Analysis**

Paragraph 11 of the Master Agreement, which governs both leases, sets forth the various remedies in the event of default. It provides, in relevant part,

> Default and Remedies: If you (a) fail to pay rent or any other payment hereunder when due . . . you shall be in default under the Agreement and, we may . . . exercise any one or more of the following remedies; (i) declare due, sue for and receive from you the sum of all rental payments and other amounts then due and owing under this Agreement or any schedule thereto, plus the present value of . . . (y) the anticipated value of the Equipment at the end of the initial term or applicable renewal term of the Agreement (but in no event less than 15% of the original cost of the Equipment) discounted at the rate of 6% per annum . . . (ii)  . . . accelerate the balances due under any other agreements between us; (iii) to take immediate possession of the Equipment . . . (v) require you to return all Equipment at your expense to a place reasonably designated by us, (vi) to charge you for all the expenses incurred in connection with the enforcement of any of our remedies including all costs of collection, reasonable attorney's fees and court costs.

(Pl.'s Ex. A.)

Paragraph 11 of the Master Agreement further provides that Plaintiff may collect an administrative charge to offset collection expenses at the rate of ten cents per one dollar for each such delayed payment.  It also provides that Plaintiff shall apply any security deposits paid by Defendants to cure any default.

Paragraph 9 of the Master Agreement, which concerns taxes

5

and fees, is also applicable.  It provides,

> You agree to pay when due or reimburse us for taxes, fees, fines and penalties relating to use of ownership of the Equipment or to this Agreement, now or hereinafter imposed, levied or assessed by any state, federal or local government or agency.

(Pl.'s Ex. A.)

Plaintiff contends that it is entitled to judgment in its favor and should be awarded the foregoing remedies because there is no issue of disputed fact that Defendants defaulted on their obligations under the lease agreements.  For each of the leases, Plaintiff has submitted its calculation of damages for unpaid rental payments, anticipated value of equipment at the end of the lease term, unpaid property taxes, unpaid late charges, and "other charges," less any security deposit.  This calculation does not include costs of collection, attorney's fees, or court costs.  Plaintiff has also submitted a certification for attorney's fees.

In their Answer, Defendants have admitted that they entered into these two leases, and were required to pay $4,960.28 per month for the first lease, and $8,928.40 per month for the second lease, for a total of sixty months for each lease.  Defendants have denied, however, that they breached the agreements.  Thus, it is undisputed that the parties entered into the two lease agreements, and that the terms of the agreements govern, but it is disputed whether Defendants breached the agreements.  Because

6

that fact is disputed, it is Plaintiff's burden to demonstrate that no material facts exist as to whether Defendants were in default of the agreements.

To support its claim that Defendants breached the lease agreements by failing to make their rental payments, Plaintiff has submitted a certification of John M. Kruse, Vice President of Citibank, N.A., which services the lease accounts for Plaintiff. In his certification, Kruse states that "Defendant Pixel has defaulted in the payments due under the First Pixel Lease having failed to make the rentals when due," and that "Defendant Pixel has defaulted in the payments due under the Second Pixel Lease having failed to make the rentals when due." (Kruse Cert. ¶¶ 10, 18.) Plaintiff has also submitted two letters from its attorney addressed to Defendants that inform Defendants that they have defaulted on their agreements, and demand immediate payment from them. (Pl.'s Ex. D, E.) This is the only evidence submitted by Plaintiff to support its contention that Defendants breached the lease agreements.

Plaintiff's evidence is insufficient to prove as a matter of law that Defendants breached the agreements. Unlike a motion for default judgment, where every well-pleaded allegation of the complaint, except those relating to damages, is deemed admitted, see Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), in deciding an unopposed summary judgment motion, all

material facts will be accepted as true, but only if they have appropriate record support, see Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).[2]  Here, Plaintiff has not provided any evidence to support the material fact that Defendants breached the agreements.  Instead, Plaintiff's evidence consists solely of conclusory statements of Defendants' breach and unsupported calculations of unpaid rental payments. Even though simple math demonstrates that Defendants made some payments, Plaintiff has not submitted any proof of those payments, and it has not even alleged the date when Defendants stopped making their payments, or how Defendants otherwise failed to abide by the terms of the agreements.

The Court recognizes that Plaintiff's request for unpaid rent in an amount less than the total amount due under the leases effectively concedes that Defendants had made payments on the leases, and, therefore, Plaintiff should not necessarily be faulted for not submitting proof of those payments.  The Court also recognizes that proving the absence of a payment is more difficult than proving an affirmative act.  But, in order to obtain a judgment in their favor, Plaintiff must do more than just state that Defendants breached the leases.  By simply stating that Defendants breached the lease agreements, Plaintiff

---

[2]Defendants' failure to oppose Plaintiff's motion does not mean that they have admitted that they breached the lease agreements.

has made a conclusion of law without first laying out the factual allegations to support that legal conclusion.

To more specifically explain the problem with Plaintiff's proofs, the language of the lease agreements is instructive.  The remedies provision in the Master Agreement provides that if Defendants (1) fail to pay rent or any other payment when due, (2) Defendants shall be in default under the Agreement, and (3) Plaintiff may exercise any one or more of the remedies provided for in the agreement.  In its motion for summary judgment, Plaintiff has skipped to the second and third part of the provision, without setting forth the facts to demonstrate the first part--that Defendants actually failed to pay rent when due. In other words, in order to be entitled to a judgment that Defendants breached the lease agreements, Plaintiff needs to first set forth the facts that constituted the breach.[3]

## CONCLUSION

Summary judgment is proper only if there is no genuine issue of material fact.  In considering an unopposed motion for summary judgment, the court will accept as true all material facts set

---

[3]To further demonstrate the need for more evidence to support Plaintiff's position, if Plaintiff's motion had been opposed, and Defendants had simply filed a countering affidavit that stated, "Defendants did not default on their lease agreements," an issue of material fact would still remain.  Thus, just as two conclusory affidavits would not constitute sufficient proof to resolve an issue of material fact, Plaintiff's single conclusory affidavit is similarly insufficient.

forth by the moving party with appropriate record support.  Here, Plaintiff, the moving party, has not provided enough material facts for the Court to make the determination of whether a genuine issue exists.  Consequently, Plaintiff's motion for summary judgment will be denied without prejudice to Plaintiff's right to refile its motion if it has sufficient facts to do so.

An appropriate Order will issue.


Dated: August 8, 2007                    s/ Noel L. Hillman

At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

10